# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SANTOS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OFFICE DEPOT INC., et al.,<br><br>　　　　　　　　Defendant. | Case No.: 18cv2130-LAB (MDD)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER OF DISMISSAL** |

After Plaintiff Sylvia Santos' complaint was dismissed in case 18cv506-LAB (MDD), *Santos v. Office Depot*, she refiled it as a new case, attempting to correct jurisdictional defects that she had failed to correct earlier. Because it was related to the earlier case, this new case was transferred as provided by this District's rules to the undersigned judge. She also filed a motion to proceed *in forma pauperis* ("IFP"), using a form.

**IFP Motion**

Santos' IFP motion says for the past year, she received $6,444 per month in retirement benefits, and no income from any other source. She added that she expects to receive $537 next month. She gives her monthly expenses as $554. She says she pays nothing for housing or utilities, and that her son is temporarily paying for those. But she doesn't include any gifts from her son or anyone else

1

among her income.  Santos' estimate of her past monthly income at $6,444 may be a mistake. But it is one that she has been warned about earlier.  (*See* Docket no. 11 in case 18cv506, at 2 n.1 (pointing out that Santos said her monthly income was $13,260).)

Santos also filed a supplement saying she received a settlement payment of $12,500.  Her IFP application made no mention of any assets, including other lawsuits or claims she might be receiving payments from.  Her supplement says that after paying her expenses and setting aside money for medical care, she has $3,000 that she could use to pay the filing fee. She asks the Court to decide whether she should pay the fee.

Santos' supplement and IFP motion are too incomplete.  It is possible she would qualify to proceed IFP if she included all the information that was requested on the form she used.  But she is in the best position to know whether she can pay the filing fee, or some part of it, and still provide herself with the necessities of life. *See Williams v. Latins*, 877 F.2d 65, 65 (9th Cir. 1989). Until she provides facts to make that clear, leave to proceed IFP will be denied.

Among other things, any new IFP motion Santos files must correctly say what her monthly income is. It must include income from any source, including gifts (which is one of the categories of income listed on the form) or payments from lawsuits. And it must name all valuable assets, including any other claims for money that she may have.

**Jurisdiction**

Santos relies on diversity jurisdiction, alleging that Defendant Office Depot, Inc. has its principal place of business in Florida.  But a corporation is a citizen both of the state where it has its principal place of business <u>and</u> the state where it is incorporated.  *See* 28 U.S.C. § 1332(c)(1).  The complaint does not allege the state where Office Depot is incorporated.  Santos has therefore not pled facts establishing diversity jurisdiction, and the complaint must be dismissed for that

reason. *See Sollenne Family Trust v. CMG Mortgage, Inc.*, 691 Fed. Appx. 857, 857–58 (9th Cir. 2017) (affirming dismissal for lack of jurisdiction, where plaintiffs failed to allege facts sufficient to establish jurisdiction). But because she may be able to amend to show jurisdiction, she will be given an opportunity to do so.

This is not the first time Santos has brought these claims. In case 18cv506-LAB (MDD), she sued both Office Depot and its manager. Before dismissing that case, the Court several times pointed out to Santos various problems with her complaint. Before amending, she should review the Court's rulings in that case and make sure she has corrected the defects the Court pointed out to her. If she fails to do so, the Court will assume it is because she cannot.

Within **35 calendar days of the date this order is issued**, Santos must either file an amended and complete IFP application, <u>or</u> pay the filing fee. She must also file an amended complaint that alleges facts showing Office Depot's citizenship. Her amended complaint must correct problems that the Court identified in the earlier case.

**IT IS SO ORDERED**.

Dated: October 19, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge