# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SANTOS,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>OFFICE DEPOT INC.<br><br>　　　　　　　　　Defendant. | Case No.: 18cv2130-LAB (MDD)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Sylvia Santos brought an earlier action, 18cv506-LAB (MDD), *Santos v. Office Depot*, et al., which the Court dismissed for lack of jurisdiction. She then filed this action on September 14, 2018.

Defendant Office Depot Inc. filed a motion to dismiss, accompanied by a request for judicial notice. The documents to be noticed, which were all authenticated copies of state court records, showed that while Santos was litigating case 18cv506, she was simultaneously prosecuting the same claims in state court. The documents also show that, before she filed this case, the state court had already adjudicated her claim and dismissed it with prejudice. (*See* Docket no. 19-1, Ex. D (order dated July 24, 2018, dismissing Santos' claims with prejudice).) Under California law, dismissal with prejudice "is the equivalent of a final judgment on the merits, barring the entire cause of action." *Boeken v. Philip Morris USA,*

*Inc.*, 48 Cal. 4th 788, 793 (2010). Office Depot offered the exhibits as a way of establishing the affirmative defense of *res judicata*.

The exhibits also raised a jurisdictional issue, which the Court required Santos to brief. The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction to decide cases that amount to *de facto* appeals from state court judgments. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008). The issues need not be identical, as long as the federal issues are inextricably intertwined with the state court issues. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). The Court must raise and address jurisdictional issues whenever they become apparent, even if the parties do not raise them. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977).

In light of the apparent lack of jurisdiction, the Court ordered Santos to file a brief explaining why it had jurisdiction over her claims. She was reminded that, as the plaintiff, she bears the burden of showing that the Court has jurisdiction. *See Abrego Abrevo v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). She has now filed her Response. (Docket no. 22.)

Santos does not dispute the documents' authenticity, and she agrees that the state court dismissed her claims with prejudice. The Court takes judicial notice of the state court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court may take notice of other courts' proceedings of).

Santos argues that the state court erroneously and improperly dismissed her complaint and that the dismissal is therefore void. (Response at 6, ¶ 17.) She says she took an appeal, but formally abandoned it on August 13, 2018.[1] (*Id.* at 6, ¶ 16; 8, ¶ 21.) She argues that because the state trial court wrongly dismissed her

---

[1] It is not entirely clear what Santos was appealing or why she abandoned it. But the California Court of Appeals was likely the only court with jurisdiction to consider her appeal of the trial court's dismissal of her claims.

complaint without affording her due process, the claims she raised there should be heard in this Court. (*Id.* at 9, ¶ 26 (asking this Court to correct the state court's error).)

Santos' response makes clear that this case, filed after the state court's dismissal of her claims with prejudice became final, represents a prohibited *de facto* appeal of a state court decision. This is exactly what *Rooker-Feldman* prevents lower federal courts from hearing. Right or wrong, the state court judgment is not appealable in this Court, and the Court cannot reconsider claims the state court has finally adjudicated.

The Court therefore holds that it lacks jurisdiction over Santos' claims, and the complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. The motion to dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: June 13, 2019

Hon. Larry Alan Burns
Chief United States District Judge