UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SANTOS,<br><br>                              Plaintiff,<br><br>v.<br><br>OFFICE DEPOT INC., et al.,<br><br>                              Defendants. | Case No.:  18cv2130-LAB (MDD)<br><br>**ORDER DENYING RENEWED<br>FED. R. CIV. P. 60 MOTION** |

This is the second suit in this Court that Plaintiff Sylvia Santos has brought. Her claims arise under state law, out of an alleged tort committed by one or more employees of an Office Depot store.  Her first suit, 18cv506, *Santos v. Office Depot*, was dismissed on April 23, 2018, for lack of jurisdiction, and her request for relief from judgment was denied May 3, 2018.  She filed this action on September 14, 2018, and is proceeding *pro se* and *in forma pauperis*.

**Motion to Dismiss**

Defendant Office Depot filed a motion to dismiss based on, among other things, *res judicata*.  The motion was accompanied by a request for judicial notice of state court records.  Those records showed that Santos had brought identical or nearly identical claims in state court, and that they had been dismissed with prejudice.

Santos' opposition to the motion agreed that she had litigated her claims in state court, and discussed the litigation process at length.  She also attached records from the same litigation to her opposition, and to later pleadings. She did not dispute the authenticity[1] of any of the authenticated court records Office Depot had proffered, although she argued vehemently that the state court had grossly mishandled her case, abused its authority, and deprived her of due process. She did not oppose judicial notice, which the Court held was proper, and granted. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court may take notice of other courts' proceedings).

**Order to Show Cause Re: Jurisdiction**

Before proceeding to the merits of the motion, however, the Court pointed out that jurisdiction appeared to be lacking, and ordered Santos to file a response addressing it.  (*See* Docket no. 20.)  *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977) (holding that federal court must raise jurisdictional issues *sua sponte*); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (holding that the party invoking a federal court's jurisdiction bears the burden of establishing it and, until then, jurisdiction is presumed to be lacking).

Specifically, the Court pointed out that the California Superior Court on July 24, 2018 issued an order dismissing her claims with prejudice. Dismissal with prejudice "is the equivalent of a final judgment on the merits . . . ." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010).  Although she filed an appeal from that order of dismissal, she formally abandoned it on August 13, 2018.  This meant

---

[1] In her latest motion, Santos argues that she does dispute the documents' authenticity. (Docket no. 30 at 14, ¶ 35.)  But in fact, she is only disputing the validity of the state court's rulings. She is not arguing that the documents she and Defendants submitted were altered, forged, or otherwise not what they purport to be. Furthermore, the documents are available in the state court docket, and the Court has been able to confirm their authenticity.

that the judgment became final. *See Siebel v. Mittelsteadt*, 41 Cal. 4th 735, 742 (2007); *Sheen v. Sheen*, 2017 WL 944197, at *11 (Cal. App. 2 Dist. Mar. 10, 2017).

The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction to decide cases amounting to *de facto* appeals from state court judgments. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008). The issues need not be identical, as long as the federal issues are inextricably intertwined with the state court issues. *Noel v. Hall*, 341 F.3d. 1148, 1158 (9th Cir. 2003).

Although the Court's order pointed out all these issues to Santos, her response (Docket no. 22) failed to address them. Instead, she repeated her grievances about the way the state court had handled her case. This failed to explain why Santos' later filing of this case did not amount to a *de facto* appeal of the state court's judgment. If anything, her lengthy discussion of the state court's alleged errors and deprivation of her due process rights suggested she wanted this Court to correct the state court's judgment.

In any event, Santos failed to show why *Rooker-Feldman* did not deprive this Court of jurisdiction, and thus failed to establish jurisdiction. The Court therefore dismissed the action without prejudice but without leave to amend.

**First Motion for Relief from Judgment**

Santos then filed a motion for relief from judgment, raising an argument she apparently believed would make a difference, based on a new order of the California Court of Appeals. Her motion was based on a recent order by the California Court of Appeals. During the pendency of this litigation, Santos asked the appellate court to recall its order of remitter, pointing out that she had voluntarily dismissed her appeal earlier. On June 14, 2019, the Court of Appeals did this. But the change is only technical, and makes no difference to the outcome.

Under Cal. Rule of Court 8.316(b)(1), abandonment of an appeal before the record has been filed in the reviewing court immediately restores the superior court's jurisdiction. But if the record has already been filed, 8.316(b)(2) permits

18cv2130-LAB (MDD)

the reviewing court to dismiss the appeal and direct that a remittitur be issued, which then returns the case to the superior court. Here, the appellate court erroneously followed the procedure under 8.316(b)(2) even though the record had not yet been filed. Under 8.316(b)(1), Santos' abandonment of her appeal should have immediately restored the Superior Court's jurisdiction without the need for a remittitur. After the error was pointed out, the appellate court withdrew its remittitur. But regardless of whether the case was returned to the Superior Court automatically or via remittitur, the appeal ended, and the Superior Court's dismissal with prejudice was never revisited.

**Second Motion for Relief from Judgment**

Santos has now filed a second motion for relief from judgment,[2] repeating her earlier arguments and claiming the Court committed various types of errors. This motion fails for most of the same reasons as the earlier motion. None of the purported errors Santos points to affect the outcome of this case. Furthermore, any argument Santos had in this regard should have been filed in her first motion for relief from judgment or, preferably, in her response to the Court's order to show cause. Requests for reconsideration are appropriate only in narrow circumstances, *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004), and repeated requests raising issues that could have been or were raised earlier are even less appropriate.

**Alternative Basis for Dismissal**

Because the Court dismissed the action for lack of jurisdiction it could not also dismiss on the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 98 (1998). Nevertheless, the Court pointed out that if it had jurisdiction,

---

[2] Santos submitted several different but related motions, including a motion to vacate the order of dismissal, and a motion for the Court to take notice of its errors. These were all accepted for filing as a single motion, and the Court construes these motions together as a motion under Fed. R. Civ. P. 60.

1  the state court's decision would have been *res judicata* and the motion to dismiss
2  with prejudice would have been granted for that reason. (*See* Docket no. 28 at
3  2:8–9.)

4      Although neither party briefed the issue or sought judicial notice of the fact,
5  the Superior Court's docket shows that after Santos voluntarily dismissed her
6  appeal, the Superior Court carried on with the case.  The docket shows that the
7  Superior Court scheduled a hearing on November 2, 2018. That hearing was never
8  held, though. On October 22, the appellate court issued its remittitur, the notice of
9  appeal was dismissed, and the trial court entered judgment in favor of Defendants
10  and against Castellanos, awarding her $0.  (Docket nos. 34–37 in case 2018-
11  00022891, *Santos v. Castellanos*.)

12      The parties have not briefed the issue of whether judgment was final as of
13  August 13, 2018, when Santos formally abandoned her appeal, or as of October
14  22, when the Superior Court entered judgment for Defendants and against Santos.
15  If the state court's adjudication of Santos' claims was complete before she filed her
16  complaint in this action, *Rooker-Feldman* deprives the Court of jurisdiction. But if
17  it was not complete until October 22, the Court would have jurisdiction and would
18  have dismissed Santos' claims as precluded.  *See Exxon Mobil Corp. v. Saudi*
19  *Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (holding that if state court completed
20  adjudication of claims during the pendency of federal action, preclusion rather than
21  *Rooker-Feldman* would apply). This is of no help to Santos, however, since it would
22  result in dismissal of the action with prejudice rather than without prejudice.

23      But because neither party established jurisdiction before the action was
24  dismissed, the presumption is that jurisdiction is lacking. *See Kokkonen v.*
25  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

26  **Conclusion and Order**

27      Santos' second motion for relief from judgment is **DENIED**.  Along with her
28  motion, she filed a notice of appeal, which prevents the Court from considering any

5

motions for relief from the judgment she has appealed. *See Davis v. Yageo*, 481 F.3d 661, 685 (9th Cir. 2007). She is therefore directed not to file any more; if she does, they will be rejected for filing.

        **IT IS SO ORDERED**.

Dated: August 5, 2019

_____
Hon. Larry Alan Burns
Chief United States District Judge