# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SYLVIA SANTOS, | Case No.: 18cv2130-LAB (MDD) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ELECTING NOT TO REVOKE IN FORMA PAUPERIS STATUS** |
| OFFICE DEPOT INC. , et al., | |
| Defendant. | |

When the Court ordered Plaintiff Sylvia Santos to show cause why this action should not be dismissed for lack of jurisdiction, she filed a response that failed to address the *Rooker-Feldman* problem the Court had identified. Specifically, it appeared Santos had already litigated her claims to a final judgment in state court, and because Santos at length asked this Court to rectify the state court's denial of due process and other alleged errors, it appeared this action represented a *de facto* appeal from that court's judgment. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir. 2008).

Because Santos bore the burden of establishing jurisdiction, and because she failed to do so when the problem was pointed out to her, jurisdiction is presumed to be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Although Santos did not address it—and thus did not meet her burden of establishing jurisdiction—the possibility remained that the state court judgment became final only after Santos filed this action. In that case, *Rooker-Feldman* would not apply, but claim preclusion (which Defendant had raised in a motion to dismiss) would bar her claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). Until Santos established jurisdiction, the Court could not reach the merits, including this issue. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 98 (1998). Nevertheless, this issue looms in the background, such that even if *Rooker-Feldman* were inapplicable, Santos' claims would still be dismissed with prejudice. The Court dismissed Santos' claims without leave to amend, while noting that it would have dismissed on the basis of *res judicata* if jurisdiction were not lacking.

Santos then took an appeal, and the Ninth Circuit asked the Court to determine whether her *in forma pauperis* status should continue for the appeal. Although Santos is appealing the dismissal of this action, her notice of appeal does not identify the claims or issues she intends to argue. The procedural history of Santos' claim in state court is not completely straightforward, and Santos' arguments about it were not particularly clear or easy to follow. While the Court believes its decision was correct, at the same time it cannot say with absolute confidence that Santos has no non-frivolous issue on appeal. Because only a single non-frivolous issue or claim is necessary to render the appeal non-frivolous, *Hooker v. Am. Airlines*, 302 F. 3d 1091, 1092 (9th Cir. 2002), the Court cannot

/ / /
/ / /
/ / /
/ / /
/ / /

2
18cv2130-LAB (MDD)

certify the appeal as frivolous or brought in bad faith. The Court therefore elects not to revoke Santos' *in forma pauperis* status.

**IT IS SO ORDERED**.

Dated: August 9, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge